**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**DAPHNE GILBERT,**

      **Petitioner,**

**vs.**                               **Case No. 4:07cv495-SPM/WCS**

**UNITED STATES OF AMERICA, et al.,**

      **Respondent.**

_____/

**REPORT AND RECOMMENDATION TO DISMISS § 2241 PETITION**

This cause is before the court on a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241.  Doc. 1.  Petitioner filed a motion to proceed in forma pauperis, doc. 2, which is granted by separate order.  Petitioner's request for disposition, doc. 4, seeks expeditious granting of § 2241 relief, and is mooted by this recommendation.

Petitioner, incarcerated at the Federal Correctional Institution in Tallahassee, challenges a sentence imposed by the Eastern District of Louisiana.  She claims that her sentence was improperly enhanced for brandishing a firearm, and that counsel was ineffective in failing to object to the enhancement.  Petitioner relies on the line of cases

culminating in United States v. Booker, 543 U.S. 200, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).[1] Petitioner entered a plea and was sentence in 2006, over a year after Booker was decided on January 12, 2005.

Petitioner is in custody, and "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack," and any remedy must therefore be sought pursuant to a 28 U.S.C. § 2255 motion in the sentencing court.  § 2255; United States v. Brown, 117 F.3d 471, 475 (11th Cir.1997) (because defendant was in custody, "§ 2255 was his exclusive remedy.").

Section 2255 provides in relevant part:

An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

(emphasis added).

---

[1] In Apprendi, the Court confirmed that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Apprendi v. New Jersey, 530 U.S. 466, 490, 120 S.Ct. 2348, 2362-63, 147 L.Ed.2d 435 (2000) (citation omitted).  In Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 2537, 159 L.Ed.2d 403 (2004), the Court applied Apprendi to a sentence enhanced under state sentencing guidelines; and in Booker, the Court applied Apprendi and Blakely to the Federal Sentencing Guidelines.

The Eleventh Circuit addressed the meaning of the italicized "savings clause" language in the context of a § 2241 petition bringing claims clearly barred by the successive motion provisions of § 2255:

> The savings clause of § 2255 applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent defense; and, 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Wofford v. Scott, 177 F.3d 1236, 1244 (11th Cir. 1999) (footnote omitted).[2]  While not deciding whether the savings clause would apply in other sentencing circumstances, the court found it "enough to hold, as we do, that the only sentencing claims that may conceivably be covered by the savings clause are those based upon a retroactively applicable Supreme Court decision overturning circuit precedent."  Id. at 1245.  A petitioner may not circumvent restrictions on filing § 2255 motions simply by filing a § 2241 petition.  Id.; Darby v. Hawk-Sawyer, 405 F.3d 942, 945 (11th Cir. 2005) (citing Wofford).

On the form § 2241 petition, in the space provided to "[e]xplain why the remedy under § 2255 was or is inadequate or ineffective," Petitioner explains:

> A petition § 2255 was not filed due to counsel's failure to submit documents requested or any discovery for me to proceed.  NUMEROUS TRANSFERS.  NOTE:  PETITIONER FILED FOR SUCCESSIVE § 2255 AND WAS DENIED FOR SHE DID NOT FILE FIRST § 2255.  (SEE ATTACHED DECISION)  EXHIBIT A.

---

[2] In that footnote it was noted that even where the savings clause allowed a claim to proceed under § 2241, the proper inquiry would be the same as if the defaulted claim was raised for the first time by § 2255 motion; i.e., whether the petitioner could establish "actual innocence" of the offense under Bousley v. United States, 523 U.S. 614, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998).  Id. n. 3.

Doc. 1, p. 3.  The referenced exhibit is a letter from the Fifth Circuit Court of Appeals, advising that authorization from that court was required only for the filing of a second or successive § 2255 motion.  Doc. 1, Ex. A.  The court could not confirm that a § 2255 motion had previously been determined, but did note that a motion to reduce sentence had been denied.  *Id.*  "We do not have the authority to extend the time, or, allow for the filing of a *delayed* motion to vacate pursuant to 28 U.S.C. § 2255."  *Id.*

The court has reviewed the docket in Petitioner's criminal case, Eastern District of Louisiana case 2:05cr49-MVL-ALC (available in PACER) (Public Access to Electronic Records).  The judgment was entered on the docket on June 21, 2006, and Petitioner did not appeal.  The time for filing a § 2255 motion generally runs from the date the judgment became final, so absent a later applicable commencement date Petitioner's one year for filing a § 2255 motion expired on July 6, 2007.[3]  Petitioner did not file a § 2255 motion, but sent a letter to the court dated May 8, 2007, asking for placement in a halfway house.  Treated as a motion to reduce sentence it was denied.  More recently, Petitioner wrote to that court asking for dismissal of the gun enhancement and recommendation for placement in the Residential Drug Abuse Program (RDAP).  By order of December 28, 2007, it was referred to probation for consideration.

Petitioner has alleged nothing to indicate she could not file a § 2255 motion within the one year limitations period.  Indeed, to date she has never filed a § 2255

---

[3] The conviction became final when the time to appeal expired.  Petitioner had ten days from the entry of judgment, excluding weekends and legal holidays (in this case, July 4), to file an appeal.  Fed.R.App.P. 4(b)(1)(A); 26(a).

motion.  If she was entitled to a later commandment date or equitable tolling of the one year period of § 2255, it would be for the sentencing court to decide.

It is therefore respectfully **RECOMMENDED** that the § 2241 petition be **SUMMARILY DENIED.**

**IN CHAMBERS** at Tallahassee, Florida, on January 9, 2008.


 S/      William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**